# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTAKIS VRAKAS, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 17-579 |
| v. | ) Judge Cathy Bissoon |
| UNITED STATES STEEL CORPORATION, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendants' Joint Motion to Certify Interlocutory Review Pursuant to 28 U.S.C. § 1292(b), (Doc. 138). Defendants request certification of the following question for immediate appeal:

> Can a plaintiff satisfy its obligation to plead standing under Section 11 of the Securities Act of 1933 through generalized allegations of purchases in, or traceable to, a challenged securities offering?

(Id.)

Defendants have filed a brief in support of their motion (hereinafter "Brief Supporting Certification," Doc. 139); Plaintiffs have filed an opposing brief (hereinafter "Brief Opposing Certification," Doc. 147); and Defendants, with leave of Court, have filed a reply (hereinafter "Reply Supporting Certification," Doc. 149-1).

For the reasons that follow, the Court will deny Defendants' Motion to Certify Interlocutory Review.

1

**LEGAL STANDARD**[1]

The Court's authority to certify questions for interlocutory appeal and the standard for doing so are provided by 28 U.S.C. §1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

For certification to be appropriate, each of these three elements must be satisfied and, even if these elements are satisfied, a district court may deny certification in its sole discretion. See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) cert. den., 419 U.S. 885 (1974); Hall v. Wyeth, Inc., 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010); Mitchell v. Axcan Scandipharm, Inc., 2006 WL 986971, at *1 (W.D. Pa. Mar. 13, 2006). "The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Premick v. Dick's Sporting Goods, Inc., 2007 WL 588992, at *2 (W.D. Pa. Feb. 20, 2007).

**ANALYSIS**

Defendants argue that all three requirements under 28 U.S.C. §1292(b) are met: (1) the pleading standard for statutory standing for a Section 11 claim is a controlling question of law as to the claims against the Underwriter Defendants[2]; (2) as the Courts of Appeals for the First and

---

[1] This Court has applied the same legal standard relatively recently in Link v. ARS National Services, Inc., 2016 U.S. Dist. LEXIS 3017, at *1-*2 (W.D. Pa. Jan. 11, 2016).
[2] The Underwriter Defendants are: J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Wells Fargo Securities, LLC, Credit Suisse Securities (USA) LLC,

2

Ninth Circuits have reached a conclusion that differs from the conclusion reached by this Court, there are substantial grounds for a difference of opinion; and (3) certification would advance the resolution of this case—if Defendants are successful on appeal, the Underwriter Defendants could be dropped from the litigation, streamlining any trial and reducing the scope of discovery. (See generally Brief Supporting Certification.)  Plaintiffs counter, in sum, that "saving of time of the district court and of expense to the litigants" is a "highly relevant factor" in determining whether a question of law is "controlling" and also in determining whether certification would advance the resolution of this case.  (Brief Opposing Certification 4 (quoting Katz, 496 F.2d at 755).)  They argue that certification would not speed the progress of this litigation because, if Defendants succeed on appeal, this action as a whole will still proceed to discovery and trial on the same allegedly false and misleading statements (at least as to the U.S. Steel Defendants).  (Id. at 11-12.)[3]

The Court agrees with Defendants that the question proposed for certification above is a controlling question of law as to the Underwriter Defendants; if Plaintiffs have failed to satisfy their burden to plead statutory standing and cannot meet this burden through amendment, then the Underwriter Defendants would be terminated from the litigation.  Cf. Bilello v. JPMorgan Chase Ret. Plan, 603 F. Supp. 2d 590, 593 (S.D.N.Y. 2009) ("statutory standing under ERISA

---

Morgan Stanley & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, PNC Capital Markets LLC, Scotia Capital (USA) Inc., Citizens Capital Markets, Inc., SunTrust Robinson Humphrey, Inc., BNY Mellon Capital Markets, LLC, Citigroup Global Markets Inc., Commerz Markets LLC, The Huntington Investment Company, SG Americas Securities, LLC, The Williams Capital Group, L.P., and ING Financial Markets LLC.

[3] Plaintiffs also argue that Defendants' out-of-circuit cases do not truly contradict circuit precedents, leaving no substantial grounds for a difference of opinion.  (Id. at 8-9.)  As the Court finds that the remaining prongs provide sufficient grounds for the Court's decision on certification, the Court need not address this argument.

3

Section 502(a) is a controlling question of law whose resolution would materially advance the termination of the litigation.").

However, the Court disagrees with Defendants that certification would advance the efficient resolution of this matter. The amount of discovery required to establish traceability is a relatively insignificant portion of the discovery in this case, and the bulk of this case will proceed on course even if the claims against the Underwriter Defendants were to be dismissed. While the Court acknowledges that this result is imperfect from the perspective of the Underwriter Defendants, the prevailing policy of avoiding piecemeal litigation of claims strongly weighs in favor of allowing this lawsuit, as a whole, to continue proceeding in this Court. See, e.g., Boyington v. Percheron Field Servs., LLC, 2016 U.S. Dist LEXIS 38765 (W.D. Pa. Mar. 24, 2016) ("The burden is on the party seeking certification to demonstrate that *exceptional circumstances* justify a departure from the basic policy against piecemeal litigation." (emphasis added)).

Accordingly, Defendants' Joint Motion to Certify Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) (Doc. 138) is DENIED.

IT IS SO ORDERED.

November 20, 2018                                          s\Cathy Bissoon
                                                                                 Cathy Bissoon
                                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record