**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re U. S. Steel Consolidated Cases* | Civil Action No. 17-579 <br> Judge Cathy Bissoon |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS a consolidated class action is pending before the Court entitled *In re U. S. Steel Consolidated Cases*, Civil Action No. 17-579 (the "Action");

WHEREAS, (i) Lead Plaintiff Christakis Vrakas and Plaintiff Leeann Reed ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and (ii) defendants United States Steel Corporation ("U. S. Steel" or the "Company"), Mario Longhi, David B. Burritt, and Dan Lesnak (collectively, the "Individual Defendants" and, together with U. S. Steel, the "U. S. Steel Defendants" or the "Settling Defendants," and together with Plaintiffs, the "Settling Parties"), have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 20, 2022 (the "Stipulation"), subject to approval of this Court (the "Settlement").

WHEREAS, Plaintiffs having filed Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (the "Preliminary Approval Motion"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, seeking an order preliminarily approving the Settlement of this Action, in accordance with the Stipulation, which, together with the exhibits

annexed thereto, set forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered (a) the Preliminary Approval Motion, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;[1]

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      For purposes of effectuating the proposed Settlement only, the Court certifies a Settlement Class defined as: All persons or entities who purchased or otherwise acquired United States Steel Corporation common stock and options during the period from January 27, 2016 through April 25, 2017, inclusive, and were injured thereby. Excluded from the Settlement Class are: (1) the U. S. Steel Defendants; (2) the Individual Defendants' immediate family members; (3) any person who was an Officer or director of the Company during the Class Period; (4) any firm, trust, corporation, or other entity in which a U. S. Steel Defendant has or had a controlling interest; (5) the legal representatives, affiliates, heirs, successors in interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are: (i) the Persons and entities listed in Appendix 1 to the Stipulation who requested exclusion from the Settlement Class in connection with the Class Notice; and (ii) all Persons who submit valid and timely requests for exclusion from the Settlement Class in connection with the Notice.

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation. Certain capitalized terms are also defined in the Notice of Proposed Settlement, Final Approval Hearing, and Motion For Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"). To the extent there is any conflict between the definitions of capitalized terms in the Notice and the Stipulation, the definition in the Stipulation controls.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiffs, Christakis Vrakas and Leeann Reed, as "Class Representatives."

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Counsel, Levi & Korsinsky, LLP, is appointed as "Class Counsel" and is authorized to act on behalf of the Class Representatives and other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

4.      The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

a.      The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

b.      There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

c.      The claims of Plaintiffs are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

d.      The Class Representatives will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

e.      Questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

5.      The Court does hereby preliminarily approve the Settlement as embodied in the Stipulation, subject to further consideration at the Final Approval Hearing described below, as fair, reasonable, and adequate to the Settlement Class.

6.      A hearing (the "Final Approval Hearing") shall be held before this Court on **March 20, 2023, at 2:15 p.m.**, at the Joseph F. Weis, Jr. U.S. Courthouse, Courtroom 3A, 3rd Floor, 700 Grant Street Pittsburgh, PA 15219, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against the U. S. Steel Defendants; whether the proposed Plan of Allocation is fair and reasonable and should be approved; to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses to Lead Counsel and Liaison Counsel and costs and expenses of Plaintiffs should be approved; and to consider any other matters that may properly be brought before the Court in connection with the Settlement.

7.      The Court approves, as to form and content, the Notice of Pendency of Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); the Proof of Claim and Release Form (the "Claim Form"); and Summary Notice of Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶8 of this Order:  (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and costs and expenses of Plaintiffs, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and costs and expenses of Plaintiffs, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.  The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8.     The firm of A.B. Data, Ltd. ("Claims Administrator") was previously retained by Lead Counsel to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Settlement Class. The Claims Administrator is hereby appointed to supervise and administer the notice procedure in connection the proposed Settlement as well as the processing of claims as more fully set forth below:

a.     Not later than fifteen (15) business days after entry of this order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

b.      No later than the Notice Date, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

c.      No later than ten (10) calendar days after the Notice Date, the Summary Notice, substantially in the form annexed as Exhibits A-3 hereto, shall be published once in *Investor's Business Daily* and once over a national newswire service; and

d.      At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on the U. S. Steel Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.      The U. S. Steel Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715 et seq.("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. At least seven (7) calendar days before the Final Approval Hearing, the U. S. Steel Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

10.     Nominees who purchased or otherwise acquired U. S. Steel common stock or options for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Claim Form to all such beneficial owners within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Claim Form to such beneficial owners. Such holders of record shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of providing Notice to

beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

11.     All Settlement Class Members who: (i) did not request exclusion from the Settlement Class in connection with the Class Notice (listed in Appendix 1 to the Stipulation); and/or (ii) do not exclude themselves by the deadline set forth below shall be bound by all determinations and judgments in the Action concerning the Settlement.

12.     All Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund shall complete and submit Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days from the Notice Date. Any Settlement Class Member who does not submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.  By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefor; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action

relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of Plaintiffs' Released Claims (including Unknown Claims) against any of the U. S. Steel Defendant Releasees, as more fully described in the Stipulation and Notice.

14.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. If they do not enter an appearance, they will be represented by Lead Counsel.

15.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), in the manner set forth in the Notice no later than twenty-eight (28) calendar days prior to the Final Approval Hearing. A Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify the number of shares of U. S. Steel common stock or options purchased or otherwise acquired during the Settlement Class Period; (c) identify the date of each such purchase or acquisition and the price or other consideration paid; (d) identify the date of each sale or other disposition of any share of U. S. Steel common stock or options during the Settlement Class Period and the price or other consideration received; (e) identify the number of shares of U. S. Steel common stock or options held immediately before the commencement of the Settlement Class Period; (f) contain a statement that the Person wishes to be excluded from the Settlement Class; and (g) be signed by the Person requesting exclusion. A Request for Exclusion shall not be

effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court in a manner and with timing not inconsistent with the right of the U. S. Steel Defendants to terminate the Settlement pursuant to the Stipulation.  Copies of all requests for exclusion received by Lead Counsel or the Claims Administrator, together with copies of all written revocations of requests for exclusion, shall be delivered to the U. S. Steel Defendants' Counsel within three (3) business days of receipt.

16.     All Persons who submit valid and timely Requests for Exclusion in the manner set forth in ¶15 shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

17.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of Plaintiffs' Released Claims (including Unknown Claims) against any of the U. S. Steel Defendant Releasees, as more fully described in the Stipulation and Notice.

18.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement as set forth in the Stipulation, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and

reimbursement of Litigation Expenses and any award for the costs and expenses of Plaintiffs if he, she, or it has any cause why the proposed Settlement as set forth in the Stipulation, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and any award for the costs and expenses of Plaintiffs should not be approved.  Such objection must be filed in writing not later than twenty-eight (28) days prior to the Final Approval Hearing with the Clerk of  the Court, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street Pittsburgh, PA 15219, and copies of such papers also must be served in writing or via email not later than twenty-eight (28) calendar days prior to the date scheduled herein for the Final Approval Hearing on both: (i) Shannon L. Hopkins, Levi & Korsinsky, LLP, 1111 Summer Street, Suite 304, Stamford, CT 06901, Email: shopkins@zlk.com, Lead Counsel for Plaintiffs and the Settlement Class; and (ii) Geoffrey J. Ritts, Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114, Email: gjritts@jonesday.com, U. S. Steel Defendants' Counsel.  Lead Counsel and U. S. Steel Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.  As set forth in the Notice, any objection must: (a) clearly identify the case name and number, *In re U. S. Steel Consolidated Cases*, Civil Action No. 17-579; (b) include the full name, address and phone number of the objecting Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in U. S. Steel common stock and/or stock options; and (d) include a written statement of all grounds for the objection.

19.     Any objector who wishes to appear in person at the Final Approval Hearing must submit to the Court with his, hers, or its objection a Notice of Intention to Appear. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing on the objector's behalf

and those counsel must submit a Notice of Intention to Appear with the objection. Any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection in this or any other proceeding to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and reimbursement of Litigation Expenses to Lead Counsel, or to any award for the costs and expenses of Plaintiffs, unless otherwise ordered by the Court.

20.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     Lead Counsel shall be entitled to withdraw up to $350,000 from the Settlement Fund pursuant to ¶5.5 of the Stipulation to pay reasonable Notice and Administration Costs upon the execution of this Order, subject to final approval of said expenses at the Final Approval Hearing and the other provisions of the Stipulation.

22.     Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.     All papers in support of final approval of the Settlement, the Plan of Allocation, and any motion by Lead Counsel for attorneys' fees, reimbursement of their Litigation Expenses and an award for the costs and expenses of Plaintiffs shall be filed and served forty-two (42) days

before the date of the Final Approval Hearing. Additionally, any reply brief(s) shall be filed and served fourteen (14) days before the date of the Final Approval Hearing.

24.     The U. S. Steel Defendants and their counsel shall have no responsibility for the Plan of Allocation or any motion for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel or for an award for the costs and expenses of Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any motion for attorneys' fees or reimbursement of Litigation Expenses or application for an award for the costs and expenses of Plaintiffs shall be approved.

26.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts properly paid or incurred pursuant to ¶5.5 of the Stipulation up to $350,000.

27.     Neither this Order, the facts and terms of the Stipulation (including exhibits) and all negotiations, discussions, drafts, and proceedings in connection with the Settlement, or any act performed or document signed in connection with the Settlement, including the Term Sheet: (i) shall be offered, received, or admitted against any of the U. S. Steel Defendant Releasees as evidence of, or construed or used as, or deemed to be evidence of any presumption, concession, or admission by any of the U. S. Steel Defendant Releasees: (a) of the truth of any fact; (b) of the validity of any of Plaintiffs' Released Claims or any claim that was asserted in any of the

complaints in this Action, or that could have been or might have been asserted against any of the U. S. Steel Defendant Releasees in this Action or in any litigation in this or any other court, administrative agency, arbitration forum, or other tribunal; (c) of any liability, negligence, gross negligence, recklessness, deliberate recklessness, fault, or other wrongdoing of any kind of any of the U. S. Steel Defendant Releasees to any other Person; (d) of any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the U. S. Steel Defendant Releasees; or (e) of any infirmity in the defenses that have been or could have been asserted in this Action; (ii) shall be offered, received, or admitted against any of the U. S. Steel Defendant Releasees or Plaintiff Releasees, as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding in any court, administrative agency or other tribunal (including, without limitation, any formal or informal investigation or inquiry by the U.S. Securities and Exchange Commission or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to enforce the terms of the Settlement or effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, any Person may: (a) refer to this Stipulation and the Settlement as necessary to secure the liability protections granted them hereunder; and/or (b) file this Stipulation and/or the Judgment in any action for any purpose, including, without limitation, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (iii) shall be offered or construed as evidence that a class should or should not be

certified in the Action if the Settlement is not consummated; (iv) shall be construed against any of the U. S. Steel Defendant Releasees or Plaintiff Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or (v) shall be construed against Plaintiffs, Lead Counsel, or any other Settlement Class Member(s) as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the amount of the Settlement Fund; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the U. S. Steel Defendants, and the Settling Parties shall be deemed to have reverted to their respective status in this Action as of February 25, 2022, with all of their respective claims and defenses preserved as they existed on that date, as provided in the Stipulation.

29.     Pending final determination of whether the Settlement should be approved, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Settlement Class and anyone who acts or purports to act on their behalf from bringing any action, claim, or

other proceeding of any kind against any of the U. S. Steel Defendant Releasees concerning any of Plaintiffs' Released Claims (including any Unknown Claim).

30.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further motions arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class and may enter the Judgment regardless of whether it has approved the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, Litigation Expenses, and/or costs and expenses of Plaintiffs.

**IT IS SO ORDERED**

November 9, 2022

s/Cathy Bissoon                                       .
Cathy Bissoon
United States District Judge

cc (via ECF email notification):
All Counsel of Record

15