**[EXHIBIT A-1 – NOTICE]**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| *In re U. S. Steel Consolidated Cases* | Civil Action No. 17-579 |
|  | Judge Cathy Bissoon |

NOTICE OF PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**IF YOU PURCHASED OR OTHERWISE ACQUIRED UNITED STATES STEEL CORPORATION COMMON STOCK OR OPTIONS ON UNITED STATES STEEL COMMON STOCK DURING THE PERIOD BEGINNING JANUARY 27, 2016 THROUGH APRIL 25, 2017, INCLUSIVE, AND WERE INJURED THEREBY, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a notice that you have been sued.*

This notice summarizes the proposed Settlement.[1] For the precise terms and conditions of the Settlement, please see the Stipulation by downloading it from www.ussteellitigation.com, by contacting Lead Counsel at the addresses and phone numbers listed below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.pawd.uscourts.gov, or by visiting the Courtroom Deputy for the United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse 700 Grant Street Pittsburgh, PA 15219, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

---

[1] All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement, dated May 20, 2022 (the "Stipulation"), available for download at www.ussteellitigation.com. For convenience, certain capitalized terms are also defined in this Notice. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation, the definition in the Stipulation controls.

Questions? Call 877-868-2084 (Toll free) or visit www.ussteellitigation.com

Questions? Call 877-868-2084 (Toll free) or Visit www.ussteellitigation.com

**PLEASE DO NOT TELEPHONE THE COURT, THE COURT CLERK'S OFFICE, THE U. S. STEEL DEFENDANTS, OR THE U. S. STEEL DEFENDANTS' COUNSEL TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**Overview of the Settlement**

The Settlement of this class action lawsuit (the "Action") will provide $40 million in cash (the "Settlement Amount"), plus interest, as provided for in the Stipulation to pay claims from investors who purchased or otherwise acquired United States Steel Corporation ("U. S. Steel" or the "Company") common stock and options between January 27, 2016 and April 25, 2017, inclusive (the "Settlement Class Period"), and suffered losses. Depending on the number of eligible shares purchased by investors who elect to participate in the Settlement and when those shares were purchased and sold, the average distribution is estimated to be $0.31 per damaged share purchased in the Settlement Class Period, before deduction of Court-approved fees and expenses described below. The per-share amount assumes all eligible Settlement Class Members submit a valid and timely Proof of Claim and Release form ("Claim Form"). If fewer than all Settlement Class Members submit timely and valid Claim Forms, which is likely, the distributions per share will be higher.

The Settlement, which is subject to Court approval, resolves this Action – a class action brought in federal court by Court-appointed Lead Plaintiff Christakis Vrakas and Plaintiff Leeann Reed ("Plaintiffs"), on behalf of themselves and others who purchased or otherwise acquired U. S. Steel common stock and options during the Settlement Class Period, over whether U. S. Steel and Mario Longhi, David B. Burritt, and Dan Lesnak (the "Individual Defendants") (U. S. Steel and the Individual Defendants are collectively referred to as the "U. S. Steel Defendants") misled investors about whether U. S. Steel was implementing a Reliability Centered Maintenance ("RCM") program, claimed beneficial consequences of RCM, the nature and severity of certain alleged unplanned outages, and U. S. Steel's capacity to meet demand. The Settlement avoids costs and risks from continuing the Action: it pays money to investors like you, and it releases the U. S. Steel Defendants from liability.

If the Settlement is approved by the Court, the Court-appointed lawyers for investors, Levi & Korsinsky, LLP, will ask the Court for an award of attorneys' fees of no more than one-third (33 and 1/3%) of the Settlement Fund and Litigation Expenses of up to $3,300,000 incurred in investigating the facts, litigating the case and negotiating the Settlement. Plaintiffs will also apply for reimbursement of reasonable costs and expenses incurred directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995, not to exceed $80,000 in the aggregate. The attorneys' fees, Litigation Expenses, and costs and expenses reasonably incurred by Plaintiffs, if approved, will come out of the $40 million Settlement Fund, and are estimated to be an average of $0.13 per damaged share purchased in the Settlement Class Period.

Plaintiffs alleged claims under the Securities and Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act"). The Court sustained Plaintiffs' claims as they related to alleged misstatements concerning U. S. Steel's investments in, and implementation of, RCM, certain stated benefits achieved from the RCM program, the nature and severity of alleged unplanned outages, and U. S. Steel's capacity to meet market demand. The Sections 11 and 15 Securities Act claims were voluntarily dismissed prior to the Settling Parties entry into the Stipulation.

The U. S. Steel Defendants deny all liability and believe they would win the case at trial.  Plaintiffs and the U. S. Steel Defendants do not agree on the average amount of damages per share that would be recoverable if the

Questions? Call 877-868-2084 (Toll free) or Visit www.ussteellitigation.com

Plaintiffs were to have prevailed on each claim alleged. The issues on which the Settling Parties disagree include, among other things: (1) the extent to which the various matters that Plaintiffs allege were materially false or misleading influenced (if at all) the trading price of U. S. Steel common stock at various times during the Settlement Class Period; (2) the extent to which the various allegedly adverse material facts which were omitted influenced (if at all) the trading price of U. S. Steel common stock at various times during the Settlement Class Period; (3) whether the alleged misstatements were false or misleading; (4) whether any of the U. S. Steel Defendants acted with the wrongful intent alleged by Plaintiffs; and (5) whether, even if liability could be proven, total damages would be more than $0 per damaged share.

If you are a Settlement Class Member (as the term is defined below), your legal rights are affected by the Settlement, regardless of whether you act or do not act. **Read this notice carefully**.

| Your Legal Rights and Options | |
|---|---|
| **You can:** | **That Means:** |
| **Submit a Claim Form Postmarked by _____** | You can show that you are a Settlement Class Member and can get payment from the Settlement.  If the proposed Settlement is finally approved by the Court, you may share in the proceeds if your claim is received, timely, and valid and you meet the other requirements of the Plan of Allocation described on pages __ to __ below.  This is the only way to get a payment.  You will be bound by the Judgment and release described below if you do not exclude yourself from the Settlement Class regardless of whether you submit a claim. |
| **Exclude Yourself by Submitting a Written Request for Exclusion Postmarked by _____** | You can ask to be excluded from the Settlement Class.  If excluded, you will get no payment from the Settlement Fund and will not be part of the Settlement Class, and will not be bound by any Judgment.  This is the only option that allows you to ever be part of any other separate lawsuit, including your own lawsuit, against any of the U. S. Steel Defendants concerning any of Plaintiffs' Released Claims. |
| **Object by Submitting A Written Objection Postmarked by _____** | If you remain part of the Settlement Class but have an objection to the Settlement, or some part of it, or the requested attorneys' fees or expenses, you can write to the Court to explain why.  You cannot object to the Settlement, or some part of it, or the requested attorneys' fees or expenses unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **Go to a Hearing on _____** | If you remain part of the Settlement Class, you can write to the Court and ask to speak at the Final Approval Hearing on _____ when the Court considers the fairness of the Settlement and the request for attorneys' fees, reimbursement of Litigation Expenses of Lead Counsel, and the request for reimbursement of reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. |
| **Do Nothing** | You will get no payment and give up your rights to sue the U. S. Steel Defendants about the claims that are resolved by this Settlement.  You will be bound by any judgments or orders entered by the Court in the Action. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

While the Court in charge of this case has given preliminary approval to the Settlement, it still must decide whether to give final approval of the Settlement (subject to any appeals) as fair, reasonable, and adequate.

<u>**WHAT THIS NOTICE CONTAINS**</u>

<u>**BASIC INFORMATION**</u>

1. Why did I get this Notice package?
2. What is this Action about?
3. What is a class action?
4. Why is there a Settlement?

<u>**WHO IS INCLUDED IN THE SETTLEMENT?**</u>

5. How do I know if I am a Settlement Class Member?
6. Are there any exceptions to being included as a Settlement Class Member?
7. I am still not sure if I'm included.

<u>**THE SETTLEMENT BENEFITS**</u>

8. What does the Settlement provide?
9. How much will my payment be?
10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment or stay in the Settlement Class?

<u>**EXCLUDING YOURSELF FROM THE SETTLEMENT**</u>

13. How do I get out of the Settlement?

<u>**THE LAWYERS REPRESENTING YOU**</u>

14. Do I have a lawyer in this case?
15. How will the lawyers be paid?

<u>**OBJECTING TO THE SETTLEMENT**</u>

16. How do I tell the Court that I do not like the Settlement?
17. What's the difference between objecting and being excluded from the Settlement Class?

<u>**THE COURT'S FINAL APPROVAL HEARING**</u>

18. When and where will the Court decide whether to approve the Settlement?
19. Do I have to come to the Final Approval Hearing?

20.  May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING**

21.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**

22.  Are there more details about the Settlement?

**SPECIAL NOTICE TO NOMINEES**

23.  Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees.

**UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION**

A.  Introduction to the Plan of Allocation
B.  Calculation of Recognized Loss Amounts
   1. Recognized Loss Amount for U. S. Steel Common Stock
   2. Recognized Loss Amount for U. S. Steel Call Options
C.  Additional Provisions of the Plan of Allocation

## BASIC INFORMATION

| **1.   Why did I get this Notice package?** |
| --- |

You or someone in your family may have purchased or otherwise acquired U. S. Steel common stock or options of U. S. Steel during the period between January 27, 2016 and April 25, 2017, inclusive.

The Court caused this Notice to be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, a Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains this Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  It is not an expression of any opinion by the Court with respect to the truth of the allegations of the litigation or the merits of the claims or defenses asserted.

The Court in charge of the case is the United States District Court for the Western District of Pennsylvania, and the case is known as *In re U. S. Steel Consolidated Cases*, Civil Action No. 17-579.  The Honorable Cathy Bissoon is the Judge in charge of this class action. The person(s) who sued are called the "Plaintiffs."  The company being sued, United States Steel Corporation, and the persons who are being sued, certain of U. S. Steel's current and former executives, Mario Longhi, David B. Burritt, and Dan Lesnak, are called the "U. S. Steel Defendants."

Case 2:17-cv-00579-CB   Document 341-1   Filed 11/09/22   Page 6 of 23

Questions? Call 877-868-2084 (Toll free) or Visit www.ussteellitigation.com

| **2.   What is this Action about?** |
| --- |

In the Action, Plaintiffs allege that the U. S. Steel Defendants unlawfully inflated U. S. Steel's stock price by misleading investors that U. S. Steel was investing in and implementing a proactive maintenance program (RCM), was achieving sustainable benefits from RCM, and that U. S. Steel had capacity to meet demand when steel market conditions improved. Plaintiffs allege that the misleading nature of the U. S. Steel Defendants' statements remained hidden until a disclosure on April 25, 2017 revealing, *inter alia*, that the U. S. Steel had not been implementing or achieving sustainable benefits from RCM, that ongoing unplanned outages at U. S. Steel's flat-rolled plants were more severe than publicly represented, and that U. S. Steel did not have the capacity to meet demand at a time when market conditions for steel were improving. Plaintiffs further allege that the Settlement Class suffered damages when the truth regarding these matters was publicly disclosed.

Beginning on May 3, 2017, several class action complaints were filed in the Western District of Pennsylvania against the U. S. Steel Defendants asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

On August 16, 2017, the Court appointed Christakis Vrakas as Lead Plaintiff. Lead Plaintiff filed an amended complaint (the "Amended Complaint") on October 2, 2017, adding Leeann Reed and Robert Myer as additional plaintiffs, and Dan Lesnak, U. S. Steel's then-General Manager of Investor Relations, and the underwriters in the Company's August 15, 2016 secondary public offering as additional defendants. The Amended Complaint also asserted additional claims under Sections 11 and 15 of the Securities Act of 1933.

Defendants moved to dismiss Plaintiffs' Amended Complaint. The Court denied in part and granted in part Defendants' Motion to Dismiss on September 29, 2018.

On November 15, 2018, Defendants filed their answers to the Amended Complaint, denying all claims and wrongdoing asserted, as well as any liability arising out of the conduct alleged in the Amended Complaint. The Defendants also asserted several affirmative defenses to the claims made in the Amended Complaint.

On March 4, 2019, with Court approval, plaintiff Robert Myer voluntarily withdrew as a plaintiff from the Action. On March 15, 2019, with Court approval, plaintiff Leeann Reed voluntary dismissed her Section 11 and 15 claims against the defendants, and the underwriters were dismissed from the Action.

On April 19, 2019, Plaintiffs moved for class certification seeking to certify a class defined as: All persons or entities who purchased or otherwise acquired United States Steel Corporation common stock and options during the period from January 27, 2016 through April 25, 2017, inclusive, and were injured thereby. Excluded from the Class are: (i) Defendants; (ii) the Individual Defendants' immediate family members; (iii) any person who was an Officer or director of the Company during the Class Period; (iv) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, successors in-interest, or assigns of any such excluded person or entity.

On May 15, 2019, pursuant to the Court's Case Management Order, the Settling Parties participated in a mediation session with Retired United States District Judge Layn R. Phillips of Phillips ADR Enterprises LLC. The Settling Parties were unable to reach a settlement.

By order dated December 31, 2019, the Court certified the Class, as defined above, appointed Christakis Vrakas and Leeann Reed as the Class Representatives and Levi & Korsinsky, LLP as Class Counsel.  Certification of the Class

means that the Action is legally recognized as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

On May 28, 2020, the Court granted Plaintiffs' unopposed Motion for Approval of Dissemination of Class Notice. Pursuant to the Court's order, the Claims Administrator disseminated 217,694 notices to potential class members notifying them, among other things, that the class had been certified.

Over the course of the following 29 months, the parties engaged in merits and expert discovery during which Plaintiffs, through their counsel, reviewed over 2.3 million pages of documents produced by the U. S. Steel Defendants and over 230,000 pages of documents produced by third parties pursuant to over 50 subpoenas issued by the Settling Parties, took over 30 merits and expert depositions and exchanged expert reports. Plaintiffs also responded to numerous sets of discovery requests served on and by the U. S. Steel Defendants, defended depositions taken by the U. S. Steel Defendants, and briefed and argued discovery disputes before the Court.

On April 19, 2021, the Settling Parties participated in a mediation session with Robert Meyer, Esq., of JAMS ADR.  The Settling Parties were unable to reach a settlement.

On August 26, 2021, after the completion of fact discovery, the Settling Parties participated in a further mediation session with Robert Meyer, Esq. The Settling Parties were unable to reach a settlement.

On September 21, 2021, the Court held a Settlement Conference during which the Settling Parties' discussed their respective settlement positions. The Settling Parties did not reach a settlement at the conference and the Court set a briefing schedule for the U. S. Steel Defendants' Motion for Class Decertification.

The U. S. Steel Defendants filed a Motion for Class Decertification on October 21, 2021, which Plaintiffs opposed on December 3, 2021.

On February 15, 2022, the Settling Parties participated in a mediation session with David Murphy, Esq., of Phillips ADR Enterprises LLC.  The Settling Parties were unable to reach a settlement at the mediation session, but continued to negotiate in consultation with Mr. Murphy, over the next ten days.

On February 25, 2022, Mr. Murphy made a double-blind mediator's proposal that the Action be settled for $40 million in cash, which both sides accepted later that day. On February 28, 2022, the Settling Parties executed a Term Sheet memorializing the Settlement Amount and other key terms to settle this Action.

On May 20, 2022, the Settling Parties executed the Stipulation, which sets forth the terms and conditions of the Settlement. The Stipulation is available at http://ussteellitigation.com.

On ____ , 2022, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval of the Settlement.

| 3.  What is a class action? |
| --- |

In a class action, the plaintiff is called the class representative, and he/she sues on behalf of numerous people who have similar claims.  All these people with similar claims are a class, and each one is a class member.  One court resolves the claims of all class members, except for those who properly exclude themselves from the class.

**4.   Why is there a Settlement?**

Instead of litigating the Action through trial, Plaintiffs and the U. S. Steel Defendants, after an intensive, arm's-length negotiation under the supervision of an experienced mediator and in response to a mediator's proposal, agreed to a compromise of the claims for $40 million.  The Court did not decide in favor of Plaintiffs or the U. S. Steel Defendants. Plaintiffs think they could have obtained money if they won a trial; the U. S. Steel Defendants believe Plaintiffs would not have won anything from a trial.  But there was no trial.  Instead, both sides agreed to a settlement.  That way, they avoid the risks and cost of a trial and possible appeals, and Settlement Class Members with valid Claims will get compensation.  The Plaintiffs, as Class Representatives, and the Lead Counsel believe the Settlement is best for all Settlement Class Members.

Plaintiffs believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Throughout the litigation, the U. S. Steel Defendants raised a number of arguments and defenses (which they would continue to do through summary judgment and trial) including that: (1) the U. S. Steel Defendants' statements were, in fact, true, and U. S. Steel was implementing an RCM program during the Class Period and seeing benefits from it; (2) the alleged misstatements were not important to investors because analysts did not write or ask questions about them; (3) despite all of the discovery taken in this case, there was no evidence that the U. S. Steel Defendants acted with the requisite intent to defraud investors; (4) any losses suffered by Plaintiffs and the Settlement Class Members were not caused by the misconduct alleged in the Amended Complaint and, rather, were due to other negative Company news or market factors unrelated to U. S. Steel; and (5) even if Plaintiffs could establish liability and prove some portion of U. S. Steel's stock price decline was due to a correction of prior alleged misstatements, Plaintiffs would still be unable to reliably show what part of the stock-price decline was attributable to the alleged fraud rather than other Company-specific news. While Plaintiffs believe that these arguments lack merit, there is no guarantee that the U. S. Steel Defendants would not prevail on one or more of these arguments. In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve these issues against Plaintiffs and the Settlement Class. Furthermore, at the time the Settling Parties reached the Settlement, a motion for class decertification filed by the U. S. Steel Defendants was still pending which, if granted, would have prevented Settlement Class Members from obtaining any recovery.

Lead Counsel has thoroughly investigated and litigated the case prior to and since its appointment as Lead Counsel in 2017.  Based upon their extensive investigation, extensive discovery taken, their consultation with multiple experts, and their evaluation of the claims asserted against the U. S. Steel Defendants and defenses that might be asserted, Lead Counsel believes that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement provides an immediate and certain monetary recovery.  By settling, Plaintiffs and the U. S. Steel Defendants avoid the cost, uncertainty, and delay of continued litigation.  The Settling Parties engaged in extensive negotiations that led to the Settlement described in this Notice.  Lead Counsel believe the Settlement is fair, because there is no guarantee the Settlement Class would win on any of the claims, and even if they did win, they might not be awarded any more money than the $40 million plus interest, as provided for in the Stipulation, which the U. S. Steel Defendants have agreed to in order to settle the Action.

Questions? Call 877-868-2084 (Toll free) or Visit www.ussteellitigation.com

## WHO IS INCLUDED IN THE SETTLEMENT

| 5. How do I know if I am a Settlement Class Member? |
|---|

For the purposes of settlement, with the few exceptions listed below, everyone who fits the following description is a Settlement Class Member: All persons or entities who purchased or otherwise acquired United States Steel Corporation common stock or options during the period from January 27, 2016 through April 25, 2017, inclusive, and were injured thereby.

| 6. Are there any exceptions to being included as a Settlement Class Member |
|---|

Yes.  You are **not** a Settlement Class Member if **any** of the following applies to you:

a. You are a U. S. Steel Defendant.
b. You are a member of the Individual Defendants' immediate families.
c. You served as an Officer or director of U. S. Steel at any time during the Settlement Class Period.
d. You are a firm, trust, corporation, or other entity in which a U. S. Steel Defendant has or had a controlling interest.
e. You are a legal representative, affiliate, heir, successor in interest, or assign of any of the foregoing.
f. You properly excluded yourself from the Settlement Class in response to the Class Notice or properly exclude yourself from the Settlement Class in response to this Notice.

| 7. I am still not sure if I'm included. |
|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator at A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI, 53217, Toll Free: (877) 868-2084, info@USSteelLitigation.com, or you can fill out the Claim Form described in question 10, to see if you qualify. You can also contact Lead Counsel at the addresses and phone numbers listed below.  Please do not contact the Court, the Court's Clerk, the U. S. Steel Defendants, or the U. S. Steel Defendants' Counsel.

## THE SETTLEMENT BENEFITS

| 8. What does the Settlement provide? |
|---|

The U. S. Steel Defendants have paid $40 million in cash, into an escrow account that will earn interest, as provided for in the Stipulation, for the benefit of the Settlement Class (the "Settlement Fund").  After deduction of Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court, the balance (the "Net Settlement Fund") will be distributed to the Settlement Class Members in accordance with the Plan of Allocation, discussed at pages ___ to ___ below.

In exchange for the U. S. Steel Defendants' payment, the claims described in response to question number 12 below, "*What am I giving up to get a payment or stay in the Settlement Class?*" will be released, discharged, and dismissed with prejudice.

The proposed Settlement represents a compromise of disputed claims and does not mean that any of the U. S. Steel Defendants have been found liable for any claims asserted by Plaintiffs. The U. S. Steel Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. The U. S. Steel Defendants settled this case solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

### 9.  How much will my payment be?

You should look at the Plan of Allocation section of this notice that appears on pages __ to __ below for a description of the calculations to be made by the Claims Administrator in computing the amounts to be paid to the "Authorized Claimants," that is those investors who submit valid and timely Claim Forms establishing that they are Settlement Class Members. Your share of the Net Settlement Fund will depend on the number of Authorized Claimants and the details specific to each Authorized Claimant's transactions in U. S. Steel common stock and options such as the transaction date, type, price, and quantity.

### 10. How can I get a payment?

To qualify for payment, you must timely submit a Claim Form to the Claims Administrator. A Claim Form is attached to this Notice and available at http://ussteellitigation.com. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____. Alternatively, no later than _____, submit a Claim Form and necessary documents electronically on the settlement website, http://ussteellitigation.com. Unless the Court orders otherwise, if you do not timely submit a Claim Form, you will be barred from receiving any payments from the Net Settlement Fund but will, in all other respects, be bound by the judgment in the case.

### 11. When would I get my payment?

The Settlement is conditioned on two main events: (1) the entry of the Judgment by the Court, as provided for in the Stipulation, after the Court holds a Final Approval Hearing to decide whether to approve the Settlement; and (2) the expiration of the applicable period to file all appeals from the Judgment. If the Settlement is approved, it is possible there may be an appeal by someone. There is always uncertainty as to how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Also, if certain conditions of the Settlement described in the Stipulation are not met, the Settlement will be terminated and become null and void. In addition, the Claims Administrator will need time to process all of the timely Claims before any distribution can be made.

### 12. What am I giving up to get a payment or stay in the Settlement Class?

As a member of the Settlement Class, in consideration for the benefits of the Settlement, you will be bound by the terms of the Settlement, and you will fully, finally, and forever release, relinquish, and discharge the U. S. Steel Defendants and the other Released Persons (collectively, the "Released Persons" as defined below) from the Released Claims as defined below and explained more fully in the Stipulation. If the Court approves the Settlement, all Settlement Class Members who have not excluded themselves in writing also will be barred from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of Plaintiffs' Released Claims (including Unknown Claims) against any of the U. S. Steel Defendant Releasees, as more fully described in the Stipulation.

"U. S. Steel Defendant Releasees" means: (i) the U. S. Steel Defendants, (ii) the present and former parents, subsidiaries, divisions, and affiliates of U. S. Steel, (iii) the present and former employees, officers, and directors of each of them, (iv) the present and former attorneys, accountants, insurers, and agents of each of them, and (v) the predecessors, heirs, successors, and assigns of each of them.

"Plaintiff Releasees" means: (i) Plaintiffs, their attorneys, and all other Settlement Class Members; (ii) the current and former parents, officers, directors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, and immediate family members of each of the foregoing in (i); and (iii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, expert consultants, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, stockholders, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

"Plaintiffs' Released Claims" means all claims (including "Unknown Claims", as defined below), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Plaintiffs or any other member of the Settlement Class: (1) asserted in any of the complaints filed in the Action; or (2) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action and that relate to the purchase, acquisition, holding, sale, or disposal of U. S. Steel common stock or options during the Settlement Class Period, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment.  Plaintiffs' Released Claims does not include any Excluded Claims or any claims relating to the enforcement of the Settlement.

"U. S. Steel Defendants' Released Claims" means that, upon the Settlement becoming effective, the U. S. Steel Defendants will release as against all Plaintiff Releasees, as defined above, in the Action, and their respective attorneys, and all other Settlement Class Members, all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description, whether known or unknown, that could have been asserted in this Action or could in the future be asserted in any forum, whether arising under federal, state, common or foreign law, by the U. S. Steel Defendants against Plaintiffs that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action, except for claims relating to the enforcement of the Settlement.

"Released Claims" means all the U. S. Steel Defendants' Released Claims and all Plaintiffs' Released Claims.

"Unknown Claims" means, collectively, any and all of Plaintiffs' Released Claims that the Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the U. S. Steel Defendant Releasees, and any of the U. S. Steel Defendants' Released Claims that any U. S. Steel Defendant does not know or suspect to exist in his or its favor at the time of the release of the Plaintiff Releasees even if such claim, if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class.  Unknown Claims include, without limitation, those Released Claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the U. S. Steel Defendants shall expressly waive and relinquish, and each Settlement Class Member and the U. S. Steel Defendant Releasees shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and the U. S. Steel Defendants further expressly waive and relinquish, and each Settlement Class Member and each U. S. Steel Defendant Releasee, or any of them, shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code §1542.  It is understood that Plaintiffs and the U. S. Steel Defendants and each Settlement Class Member and each U. S. Steel Defendant Releasee, or any of them, may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, they shall expressly fully, finally, and forever discharge, settle, and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, grossly negligent, reckless, deliberately reckless or intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and the U. S. Steel Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waivers of Released Claims that are Unknown Claims, including the provisions, rights and benefits of §1542 of the California Civil Code (and the inclusion of "Unknown Claims" in the definition of Released Claims) was separately bargained for and is a material element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **13. How do I get out of the Settlement?** |
| --- |

You do not need to request exclusion from the Settlement Class again if you previously submitted a request for exclusion in response to the Class Notice (dated June 26, 2020). A list of persons and entities who previously

requested exclusion from the Class in response to the Class Notice is set forth in Appendix 1 to the Stipulation and is available at www.ussteellitigation.com.

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded.  To do so, you must submit a signed written request for exclusion, post-marked no later than _____.  The request for exclusion must:  (a) state the name, address, and telephone number of the person or entity requesting exclusion; (b) identify the number of shares of U. S. Steel common stock or options purchased or otherwise acquired during the Settlement Class Period; (c) identify the date of each such purchase or acquisition and the price or other consideration paid; (d) identify the date of each sale or other disposition of any share of U. S. Steel common stock or options during the Settlement Class Period and the price or other consideration received; (e) identify the number of shares of U. S. Steel common stock or options held immediately before the commencement of the Settlement Class Period; and (f) contain a statement that the person or entity wishes to be excluded from the Settlement Class.  The request must be addressed as follows:

*United States Steel Corporation Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

You cannot exclude yourself by phone or by e-mail.

**If you ask to be excluded from the Settlement Class, you will not be eligible for any Settlement payment, and you cannot object to the Settlement**.  If you exclude yourself, you will not be legally bound by anything that happens in this Action.  You may be able to sue (or continue to sue) the U. S. Steel Defendants in the future about the claims in this Action.

## THE LAWYERS REPRESENTING YOU

| **14. Do I have a lawyer in this case?** |
| --- |

Yes. The Court appointed Levi & Korsinsky, LLP as Lead Counsel to represent all Settlement Class Members. Lead Counsel may be contacted at the address and phone number listed below:

Shannon L. Hopkins
Levi & Korsinsky, LLP
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523

There is no need to retain your own lawyer to be a Settlement Class Member. If you want to be represented by your own lawyer you may hire one at your own expense.

| **15. How will the lawyers be paid?** |
|---|

At the Final Approval Hearing, Lead Counsel will ask the Court to approve payment of up to one-third of the Settlement Fund to them for attorneys' fees and a payment of up to $3,300,000 to them for reimbursement of Litigation Expenses. These fees and expenses would pay Lead Counsel for investigating the facts, litigating the case, and negotiating the Settlement. Plaintiffs will also ask for the Court to approve up to $80,000 to pay the costs and expenses of Plaintiffs. The Court may award less than these amounts.

Additionally, at the Final Approval Hearing, Plaintiffs will ask the Court to approve payment of the Claims Administrator's expenses.

## OBJECTING TO THE SETTLEMENT

| **16. How do I tell the Court that I do not like the Settlement?** |
|---|

You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit may continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement, Lead Counsel's request for fees and Litigation Expenses, or Plaintiffs' request for reimbursement of cost and expenses must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. To object, you must send to Lead Counsel and the U. S. Steel Defendants' Counsel, and file with the Court, a signed notice of objection saying that you object to the proposed Settlement. All written objections and supporting papers must (a) clearly identify the case name and number *In re U. S. Steel Consolidated Cases,* Consolidated Action No. Number 17-579; (b) include the full name, address, and phone number of the objecting Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in U. S. Steel common stock and/or options; and (d) include a written statement of all grounds for the objection. Your objection, and all supporting papers and briefs, must be mailed by, or delivered by email such that it is ***received*** by, each of the following no later than _____, 2022:

| *Lead Counsel* | *U. S. Steel Defendants' Counsel* |
|---|---|
| Shannon L. Hopkins | Geoffrey J. Ritts |
| Levi & Korsinsky, LLP | Jones Day |
| 1111 Summer Street, Suite 304 | 901 Lakeside Avenue |
| Stamford, CT 06901 | Cleveland, OH 44114 |
| Email: shopkins@zlk.com | Email: gjritts@jonesday.com |

Your objection, and all supporting papers and briefs, must also be filed with the Court at the address below no later than _____, 2022:

Clerk of the Court
U.S. District Court for the Western District of Pennsylvania

14

Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

If you wish to appear in person at the Final Approval Hearing, you must submit to the Court with your objection a Notice of Intention to Appear.  If you intend to appear at the Final Approval Hearing through counsel, your objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and your counsel must submit a Notice of Intention to Appear with the objection.

If you do not make your objection in the manner provided, you shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement or any part thereof.

---

**17. What's the difference between objecting and being excluded from the Settlement Class?**

Objecting is simply telling the Court that you do not like something about the Settlement, Lead Counsel's request for fees and Litigation Expenses, or Plaintiffs' request for reimbursement of costs and expenses.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You do not need to attend that hearing, but are welcome to attend if you so desire.

---

**18. When and where will the Court decide whether to approve the Settlement?**

The Final Approval Hearing will be held at _____, 2022 before the Honorable Cathy Bissoon, United States District Court for the Western District of Pennsylvania, either via telephonic or video conference, or in Courtroom 3A, 3rd Floor, Joseph F. Weis, Jr. U.S. Courthouse 700 Grant Street Pittsburgh, PA 15219.  THE FINAL APPROVAL HEARING DATE MAY CHANGE WITHOUT FURTHER NOTICE TO THE SETTLEMENT CLASS, SO PLEASE CHECK THE SETTLEMENT WEBSITE OR THE COURT'S PACER SYSTEM TO CONFIRM THE HEARING DATE.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate; whether the proposed plan to distribute the Settlement proceeds (the "Plan of Allocation" described on pages __ to __ below) is reasonable; and whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of expenses.  If there are objections, the Court will consider them.  The Court has discretion to listen to people who have made a written request to speak at the hearing.  At or after the hearing, the Court will decide whether to approve the Settlement and the attorneys' fees and reimbursement of expenses request.  We do not know how long these decisions will take.

---

**19. Do I have to come to the Final Approval Hearing?**

No.  Lead Counsel will answer questions the Judge may have.  But, you are welcome to come at your own expense.  If you file an objection, you don't have to come to Court to talk about it.  As long as you file your

written objection on time and mail or email copies to the Settling Parties' counsel on time, the Court will consider it.  You may also pay your own lawyer to attend.

---

**20. May I speak at the Final Approval Hearing?**

Any Settlement Class Member who did not request to be excluded from the Settlement Class by _____ is entitled to appear at the Final Approval Hearing, in person or through a duly authorized attorney, and to show cause why the Settlement should not be approved as fair, reasonable, and adequate. However, you may not be heard at the Final Approval Hearing unless, on or before _____, you file a Notice of Intention to Appear and a statement of the position that you will assert and the grounds for the position, together with copies of any supporting papers or brief with the Deputy Clerk, United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse 700 Grant Street Pittsburgh, PA 15219, as described in paragraph 16 above.

Only Settlement Class Members who have submitted written notices in this manner may be heard at the Final Approval Hearing, unless the Court orders otherwise.

## IF YOU DO NOTHING

---

**21. What happens if I do nothing at all?**

If you do nothing, you will get no money from this Settlement.  You must file a Claim Form to be eligible to receive anything from the Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the U. S. Steel Defendants about the legal issues in this case as described in the Stipulation, ever again.

## GETTING MORE INFORMATION

---

**22. Are there more details about the Settlement?**

Yes. This Notice summarizes the proposed Settlement.  More details (including definitions of various terms used in this Notice) are contained in the pleadings and other papers in this Action, including the Stipulation, which have been filed with the Court. Plaintiffs' submissions in support of the Settlement, Lead Counsel's fee and expense application, and Plaintiffs' request for an award to pay the costs and expenses of Plaintiffs will be filed with the Court prior to the Final Approval Hearing.  In addition, information about the Settlement will be posted on the website set up for this case: www.ussteellitigation.com.  If you have any further questions you may contact Lead Counsel identified in paragraph 14 above.  You also can call the Claims Administrator at (877) 868-2084 to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

Questions? Call 877-868-2084 (Toll free) or Visit www.ussteellitigation.com

## SPECIAL NOTICE TO NOMINEES

| |
|---|
| **23. Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees** |

If you hold any U. S. Steel common stock or options purchased or acquired during the Settlement Class Period, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Claim Form by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*United States Steel Corporation Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217
(877) 868-2084
Email: info@USSteelLitigation.com

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

## UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION

### A.  Introduction to the Plan of Allocation

As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, any award to pay the costs and expenses of Plaintiffs awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website: http://ussteellitigation.com.  As set forth in the Stipulation, the allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between the U. S. Steel Defendants and Plaintiffs, and any decision by the Court concerning the Plan of Allocation, or such other plan of allocation as the Court approves, shall not affect the validity or finality of the proposed Settlement.

To design the Plan of Allocation, Lead Counsel have conferred with Plaintiffs' consulting damages expert. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses as a proximate result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis by dividing each Authorized Claimant's Recognized Claim by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue. In this case, Plaintiffs alleged that the U. S. Steel Defendants issued false and misleading statements during the Class Period (January 27, 2016 through April 25, 2017, inclusive) that artificially inflated the price of U. S. Steel common stock and options. It is alleged that corrective information released to the market after market close on April 25, 2017 impacted the market price of U. S. Steel common stock in a statistically significant manner and removed the alleged artificial inflation from the share prices on April 26, 2017.[2,3,4] Accordingly, if U. S. Steel common stock purchased or otherwise acquired[5] during the Settlement Class Period was sold before the alleged corrective disclosure after market close on April 25, 2017, the recognized loss for such stock is $0.00, and any loss is not compensable under the federal securities laws. Likewise, with respect to call options purchased during the Settlement Class Period, such options must have been open and outstanding at the time of the alleged corrective disclosure after market close on April 25, 2017 in order to have a Recognized Loss amount greater than $0.00. Therefore, artificial inflation only is estimated for call options meeting these criteria.

The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below. A Recognized Loss will be calculated for each share of U. S. Steel common stock and each exchange-traded call option on U. S. Steel common stock purchased or otherwise acquired during the Settlement Class Period and held through the alleged corrective disclosure as described above. The calculation of Recognized Loss will depend upon several factors, including when the U. S. Steel common stock and call options were purchased or otherwise acquired during the Settlement Class Period and in what amounts, and whether such U. S. Steel common stock and call options were sold and, if

---

[2] In addition, it is alleged that these disclosures removed artificial inflation in call options on U. S. Steel common stock.

[3] Exchange-traded options are traded in units called "contracts." Each call option contracts entitles the holder of the call option to purchase 100 shares of the underlying stock upon exercise, in this case U. S. Steel common stock.

[4] Throughout the Settlement Class Period, U. S. Steel Common Stock was listed on the New York Stock Exchange ("NYSE") under the symbol X.

[5] Including: (i) purchases/acquisitions of U. S. Steel common stock as the result of the exercise of a call option on U. S. Steel common stock; and (ii) purchases/acquisitions of U. S. Steel common stock by the seller of a put option on U. S. Steel common stock as a result of the buyer of such put option exercising that put option.

sold, when and for what amounts. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably and to the extent it is economically feasible. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.

## B.    Calculation of Recognized Loss Amounts

A "Recognized Claim" shall be the sum of a Claimant's Recognized Loss Amounts. For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of U. S. Steel common stock and call options will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase/acquisition or sale of U. S. Steel common stock or call options during the Settlement Class Period, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

A "Recognized Loss Amount" will be calculated as set forth below for each purchase or acquisition of U. S. Steel common stock and purchase of U. S. Steel call options during the Settlement Class Period from January 27, 2016 through April 25, 2017 that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

For transactions of common stock made after market close on April 25, 2017, where the transaction price per share is below the reported low trading price on April 25, 2017 of $30.06 per share, April 26, 2017 shall be used as the trade date for calculation purposes.

Notwithstanding the previous paragraph, for any transaction occurring on April 25, 2017, the Claims Administrator may deem such transaction to have occurred before the close of trading on such date if the Authorized Claimant submits sufficient proof for the Claims Administrator to determine the trade occurred prior to the alleged corrective disclosure.

### 1.    Recognized Loss Amount for U. S. Steel Common Stock

**For each share of U. S. Steel common stock purchased or acquired from January 27, 2016 through and including April 25, 2017, and:**

A.        Sold before or at the market close on April 25, 2017, the Recognized Loss Amount for each such share shall be zero.

B.        Sold after the market close on April 25, 2017 and through the close of trading on July 24, 2017, the Recognized Loss Amount for each such share shall be ***the least of (but not less than zero)***:

1.        the artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1**;

19

2.           the actual purchase/acquisition price of each share *minus* the sale price; or

3.           the actual purchase/acquisition price of each such share *minus* the average closing price from April 26, 2017, up to the date of sale as set forth in **Table 2**.

C.           Held as of the close of trading on July 24, 2017, the Recognized Loss Amount for each such share shall be ***the lesser of (but not less than zero)***:

1.           the artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1**; or

2.           the actual purchase/acquisition price of each such share *minus* $21.51.[6]

**2.           Recognized Loss Amount for U. S. Steel Call Options**[7]

**For each call option purchased or acquired from January 27, 2016 through and including April 25, 2017, and:**

A.           Closed out before or at the close of trading on April 25, 2017, the Recognized Loss Amount for each such option shall be zero.

B.           Sold/closed out after the market close on April 25, 2017 and through the close of trading on July 24, 2017, the Recognized Loss Amount for each such option shall be ***the lesser of (but not less than zero)***:

1.           the artificial inflation applicable to each such option on the date of purchase/acquisition as set forth in **Table 3**;[8] or

---

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of U. S. Steel common stock during the "90-day look-back period," April 26, 2017 through July 24, 2017. The mean (average) closing price for U. S. Steel common stock during this 90-day look-back period was $21.51.

[7] The values provided in Table 3 for U. S. Steel are per underlying share.  Standard option contracts are for 100 underlying shares.

[8] Due to its volume, Table 3 is available on the settlement website at: www.ussteellitigation.com

2.          the purchase price less the sale/closing price.[9]

C.          Held as of the close of trading on July 24, 2017, the Recognized Loss Amount for each such option shall be *the lesser of (but not less than zero)*:

1.          the artificial inflation applicable to each such option on the date of purchase/acquisition as set forth in **Table 3**; or

2.          the purchase price less the 90-Day Value as set forth in **Table 3**.

## C.    ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the Claimant purchased or acquired U. S. Steel common stock (or purchased a call option); and (c) whether and when, or if, the Claimant sold his, her, or its U. S. Steel common stock (or closed out a purchased call option).

The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in U. S. Steel common stock[10] and call options during the Settlement Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[11] and (ii) the sum of the Claimant's Total Sales Proceeds[12] and the Claimant's Holding Value.[13] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total

---

[9] For options that expire without being exercised, the sale/closing price is deemed to be $0. For options that were exercised, the sale/closing price is equal to the closing price of U. S. common stock on the date of exercise less the exercise price of the option.

[10] Including transactions in common stock due to the assignment or exercise of options.

[11] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares or contracts of U. S. Steel common stock and call options purchased/acquired during the Settlement Class Period. Purchases of call options or stock that match under FIFO to short or written positions held prior to the Settlement Class Period will be excluded from the calculation. The purchase amount for an assigned call option (i.e., the closing of a written call option due to exercise) shall be equal to the closing stock price on the date of assignment less the exercise price.

[12] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of U. S. steel common stock and call options that were made by the Claimant during the Settlement Class Period. Sales of call options or stock that match under FIFO to positions held prior to the Settlement Class Period will be excluded from the calculation. The sale amount for an exercised call option (i.e., the closing of a purchased call option due to exercise) shall be equal to the closing stock price on the date of exercise less the exercise price.

[13] The Claims Administrator will ascribe a "Holding Value" of $22.78 to each share of U. S. Steel common stock purchased/acquired during the Class Period that was still held as of the close of trading on April 25, 2017. For call options purchased/acquired during the Settlement Class Period that were still held as of the close of trading on April 25, 2017, the Claims Administrator will ascribe a holding value for that option as listed in Table 3. For

Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

If a Claimant had a Market Gain with respect to his, her, or its overall transactions in U. S. Steel common stock and call options during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in common stock and call options during the Settlement Class Period, but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

With respect to U. S. Steel common stock purchased or sold through the exercise/assignment of a call/put option, the purchase/sale date of the U. S. Steel common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

Purchases or acquisitions and sales of U. S. Steel common stock and call options shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.[14]

The receipt or grant by gift, inheritance, or operation of law of U. S. Steel common stock or call options during the Settlement Class Period shall not be deemed a purchase or acquisition of such securities for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such common stock or call option unless: (i) the donor or decedent purchased/acquired/sold such common stock or call option during the Settlement Class Period; and (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such common stock or call option.

The Recognized Loss Amount on any portion of a purchase or acquisition of U. S. Steel common stock that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a claimant has an opening short position in U. S. Steel common stock at the start of the Settlement Class Period, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly established a short position during the Settlement Class Period, the earliest subsequent Settlement Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery. Call options written prior to or during the Settlement Class Period shall also not be entitled to recovery. Put options purchases shall also not be entitled to recovery.

---

call options written during the Settlement Class Period and still held as of the close of trading on April 25, 2017, the Claims Administrator will ascribe a holding value for that option as listed in Table 3, but such holding value will be multiplied by -1 (i.e., equivalent to a closing purchase of such written position).

[14] Except to the extent that the "trade" date for common stock transactions occur on the date of the alleged corrective disclosure at transaction prices below the reported low trading price per share for such date—in which case, the transactions will be deemed to occur on the subsequent "trade" date.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of, Notice and Administration Costs, Taxes, attorneys' fees, Litigation Expenses, and awards to Plaintiffs for costs and expenses reasonably incurred, if any, redistribute such balance among Authorized Claimants who have cashed their initial checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after such re-distribution(s) and after payment of outstanding Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, any award to pay the costs and expenses of Plaintiffs awarded by the Court, and any other costs, expenses or amounts as approved by the Court, if any, shall be donated to an appropriate non-profit organization selected by Lead Counsel and approved by the Court.

Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.

No U. S. Steel Defendant Releasee shall have any involvement in, responsibility for, or liability or obligation whatsoever with respect to the selection of the Claims Administrator; the Plan of Allocation; the administration of the Settlement; the management, disposition, investment, distribution, allocation, or disbursement of the Settlement Fund or the Net Settlement Fund; the determination, acceptance, rejection, administration, calculation, or payment of claims; the payment or withholding of Taxes; any nonperformance of the Claims Administrator; or any losses incurred in connection with any such matters.  No Person shall have any claim against the U. S. Steel Defendant Releasees, including the U. S. Steel Defendants' Counsel, arising from or relating to any of the foregoing.


Date: _____                    THE HONORABLE CATHY BISSOON

                                           United States District Court Judge for
                                           The Western District of Pennsylvania