# Exhibit 4

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re U. S. Steel Consolidated Cases* | Civil Action No. 17-579<br><br>Judge Cathy Bissoon |

### DECLARATION OF DAVID M. MURPHY

I, David M. Murphy, do hereby declare, pursuant to 28 U.S.C. § 1746, that:

1. I am a retired partner of Wachtell, Lipton, Rosen & Katz. Prior to joining Wachtell, Lipton, I served as a law clerk to Judge Ralph K. Winter, Jr. of the United States Court of Appeals for the Second Circuit and as a law clerk to Chief Judge Charles L. Brieant of the United States District Court for the Southern District of New York.

2. My practice at Wachtell, Lipton involved litigating and resolving complex commercial disputes, including numerous claims involving the federal securities laws, breaches of fiduciary duties, class actions, and shareholder derivative actions.

3. In April 2017, I retired from Wachtell Lipton and joined former U. S. District Judge Layn R. Phillips' alternative dispute resolution practice, Phillips ADR, as the firm's first New York-based mediator and arbitrator. Phillips ADR provides mediation and arbitration services in both national and international disputes and has an established track record in successfully resolving securities class actions.

4.      Since becoming a full-time mediator and arbitrator, I have successfully mediated hundreds of complex commercial cases involving Fortune 500 and other publicly-traded companies, including securities class action cases and other types of class action litigation in federal courts across the United States.

5.      I submit this Declaration in support of the Plaintiffs' Motion for Final Approval of Class Action Settlement being filed in the above-captioned securities class action (the "Action") on February 6, 2023.

6.      I have personal knowledge about the statements made herein and could testify about them if called.

7.      In early January 2022, Plaintiffs' and Defendants' counsel in the Action asked me to mediate a potential settlement of this Action brought by Lead Plaintiff Christakis Vrakas and Plaintiff Leeann Reed, individually and on behalf of a class of persons who purchased or otherwise acquired United States Steel Corporation ("U. S. Steel") securities, against U. S. Steel and its current or former officers Mario Longhi, David Burritt, and Dan Lesnak (collectively "Defendants"). The parties agreed to attend a full-day mediation occurring on February 15, 2022.

8.      Prior to the February 15, 2022 mediation, the parties each submitted a Mediation Statement with extensive supporting exhibits, which submissions were shared with opposing counsel. Upon information and belief, I also understand that prior to the February 15, 2022 mediation, the parties had participated in three full-day private mediation sessions and a settlement conference before the Court.

9. On February 15, 2022, after carefully reviewing all the parties' briefs and exhibits submitted to me, I held a full-day mediation session in the Action. Present at the mediation session were counsel for all parties, the Defendants' insurers, and Lead Plaintiff.

10. The initial February 15, 2022 mediation session lasted a full day. The mediation process in this case, like the Action itself, was hard fought on both sides. In addition to the formal February 15, 2022 mediation session (conducted via Zoom), the mediation of this matter involved numerous teleconferences, emails, and written submissions on both sides. The proposed Settlement is the product of extensive arms-length negotiations among the parties and multiple private caucus sessions during which I queried both sides' counsel in considerable detail about the relative strengths and weaknesses of their respective positions, the factual allegations in the case, and the statutory law and judicial precedents applicable to the case. Both sides' counsel were forthright and candid in my private caucus sessions, acknowledging not only the facts and legal authorities that supported their respective client's positions but also those that posed potential challenges.

11. Although the parties had made significant progress during the initial mediation session and acted in good faith, the initial mediation session was not successful; the Parties had sharply divergent views as to the settlement value of the case. That said, I found my discussions with the parties during the initial mediation session (and in subsequent follow-up discussions via telephone) extremely valuable in that they assisted me — and the parties — in understanding the relative merits of each side's position and identifying the primary drivers and obstacles to achieving a settlement. Although the parties and I are bound by written confidentiality agreements with regard to the content of the Parties' discussions and negotiations during the mediation, I can say that the arguments and positions asserted

by all involved were the product of detailed analysis and hard work, that they were complex, and that, while professional, they were highly adversarial.

12.     After the February 15, 2022 mediation session failed, I continued to discuss the parties' respective positions and arguments in telephonic conferences with each side's counsel.

13.     On February 25, 2022, after careful consideration of the facts and circumstances of this case and additional discussions with counsel for the parties on both sides regarding the strengths and weaknesses of their case and the practical realties of continued litigation, I issued a "double-blind" Mediator's Recommendation to settle the Action, whereby each party's response would remain confidential unless both sides agreed to the Mediator's Recommendation.

14.     On February 25, 2022, I informed the parties that both sides had accepted the Mediator's Recommendation, such that there was an agreement to settle the Action for a $40 million cash payment for the benefit of the Class, contingent on approval by this Court.

15.     As stated above, the parties' submissions and communications during our mediation process are confidential.  Without discussing the specifics of the negotiations, however, I can say that the Mediator's Recommendation reflected my assessment that $40 million was the most that the Defendants collectively would pay and the least that Lead Plaintiff would accept to settle at that time.  It also reflected my assessment of an amount that would be fair, reasonable, and in the best interests of Plaintiffs and the putative Class, after taking into considering all of the costs, uncertainties, risks and delay of further litigation.

16. After presiding over the mediation process in this case, it is my professional opinion that the Settlement is the product of vigorous and independent advocacy and is the product of arms-length negotiations conducted in good faith by the parties. The parties were represented by highly skilled and experienced counsel who were extremely knowledgeable and clearly had spent a considerable effort researching and developing the law and facts in this complex litigation. I believe the Settlement reflects Lead Counsel's well-informed assessment of the best interests of the Plaintiff and the putative Class. The $40 million cash amount provides the putative Class with a significant recovery in the face of considerable pre-trial, jury trial, and post-trial uncertainty; it eliminates the risk, expense, and delay of further litigation; and it avoids the risk that the putative Class recovers nothing at all.

17. Based on my extensive experience as a litigator and mediator, and based on my knowledge of the issues in dispute, my review of the materials and advocacy presented in connection with the parties' mediation session and extensive teleconferences thereafter, my views of the strengths and weaknesses of the Plaintiffs' case with respect to liability, damages, the rigor of the parties' negotiations, and the benefits that will be conferred upon Class members by the settlement, I believe that the terms of the settlement are fair, adequate, reasonable and in the best interests of the putative Class.

I declare this 6th day of February, 2023, under penalty of perjury that the foregoing is true and correct.

David M. Murphy, Esq.
Mediator, Arbitrator & Independent Panelist
Phillips ADR LLC