IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re U. S. Steel Consolidated Cases* | Civil Action No. 17-579 |
| | Judge Cathy Bissoon |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a consolidated class action is pending before the Court entitled *In re U. S. Steel Consolidated Cases*, Civil Action No. 17-579 (the "Action");

WHEREAS, (i) Lead Plaintiff Christakis Vrakas and Plaintiff Leeann Reed ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and (ii) defendants United States Steel Corporation ("U. S. Steel" or the "Company"), Mario Longhi, David B. Burritt, and Dan Lesnak (collectively, the "Individual Defendants" and, together with U. S. Steel, the "U. S. Steel Defendants" or the "Settling Defendants," and together with Plaintiffs, the "Settling Parties"), have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 20, 2022 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, by the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated November 9, 2022 (ECF No. 341), this Court (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude

1

themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice having been given to the Settlement Class as required in the Order;

WHEREAS, the Court conducted a hearing on March 20, 2023 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal With Prejudice ("Final Judgment and Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Settling Parties and all Settlement Class Members.

3. The Court hereby affirms its determination in the Order certifying the Action, for purposes of effectuating the proposed Settlement, as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Settlement Class consisting of all persons or entities who purchased or otherwise acquired United States Steel Corporation common stock and options during the period from January 27, 2016 through April 25, 2017, inclusive, and

were injured thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the Individual Defendants' immediate family members; (iii) any person who was an Officer or director of the Company during the Class Period; (iv) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; (v) the legal representatives, affiliates, heirs, successors in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those persons or entities eligible for membership in the Settlement Class who: (i) requested exclusion from the Settlement Class in connection with the Class Notice; and (ii) all persons who submitted valid and timely requests for exclusion from the Settlement Class in connection with the Notice. Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion from the Settlement Class in connection with either: (1) the Class Notice; and/or (2) the Notice as identified on Exhibit 1 hereto are not bound by this Final Judgment and Order.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for Settlement purposes only, the Court hereby affirms its determination in the Order certifying Plaintiffs, Christakis Vrakas and Leeann Reed, as Class Representatives for the Settlement and appointing Lead Counsel, Levi & Korsinsky, LLP, as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.  The Court finds that the dissemination of the Notice of Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and the publication of the Summary Notice of Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (together, the "Notice")

given to the Settlement Class: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to exclude themselves from the Settlement Class; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable laws and rules.

6.   The U. S. Steel Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715. The U. S. Steel Defendants timely mailed notice of the Stipulation pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that the U. S. Steel Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

7.   Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the Releases provided

for therein; and the dismissal with prejudice of the claims asserted in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions set forth in in the Stipulation.

8. All of the claims asserted in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  For the avoidance of doubt, all consolidated actions, including *Payne, et. al., v. United States Steel Corp., et. al.*, No. 2:17-cv-660, *Bieryla v. United States Steel Corporation, et al.*, No. 2:19-cv-468, *Cetlin, et al. v. United States Steel Corporation, et al.*, No. 2:19-cv-469, and *Oklahoma Firefighters' Pension and Retirement System, et al. v. United States Steel Corporation, et al.*, No. 2:19-cv-469, also are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. Upon the Effective Date of the Settlement, the Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (including Unknown Claims) against the U. S. Steel Defendant Releasees, whether or not such Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund.

10. Plaintiffs and all Settlement Class Members are hereby forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of Plaintiffs' Released Claims against any of the U. S. Steel Defendant Releasees.

11. Upon the Effective Date of the Settlement, the U. S. Steel Defendants Releasees shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally and forever released, relinquished, and discharged all U. S. Steel Defendants' Released Claims (including Unknown Claims) against each and all of the Plaintiff Releasees.

12. Defendants and U. S. Steel Defendant Releasees are hereby forever barred and enjoined from prosecuting any U. S. Steel Defendants' Released Claims against any of the Plaintiff Releasees.

13. Neither the facts and terms of the Stipulation (including exhibits) and all negotiations, discussions, drafts, and proceedings in connection with the Stipulation or the Settlement, including the Term Sheet, nor the Order or this Final Judgment and Order: (i) shall be offered, received, or admitted against any of the U. S. Steel Defendant Releasees as evidence of, or construed or used as, or deemed to be evidence of any presumption, concession, or admission by any of the U. S. Steel Defendant Releasees: (a) of the truth of any fact; (b) of the validity of any of Plaintiffs' Released Claims or any claim that was asserted in any of the complaints in this Action, or that could have been or might have been asserted against any of the U. S Steel Defendant Releasees in this Action or in any litigation in this or any other court, administrative agency, arbitration forum, or other tribunal; (c) of any liability, negligence, gross negligence, recklessness, deliberate recklessness, fault, or other wrongdoing of any kind of any of the U. S. Steel Defendant Releasees to any other Person; (d) of any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the U. S. Steel Defendant Releasees; or (e) of any infirmity in the defenses that have been or could have been asserted in this Action; (ii) shall be offered, received, or admitted against any of the U. S. Steel Defendant Releasees or Plaintiff Releasees, as evidence of a presumption, concession, or

admission with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding in any court, administrative agency or other tribunal (including, without limitation, any formal or informal investigation or inquiry by the U.S. Securities and Exchange Commission or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to enforce the terms of the Settlement or effectuate the provisions of the Stipulation; provided, however, that any Person may: (a) refer to the Stipulation and the Settlement as necessary to secure the liability protections granted them hereunder; and/or (b) file the Stipulation and/or the Judgment in any action for any purpose, including, without limitation, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (iii) shall be offered or construed as evidence that a class should or should not be certified in the Action if the Settlement is not consummated; (iv) shall be construed against any of the U. S Steel Defendant Releasees or Plaintiff Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or (v) shall be construed against Plaintiffs, Lead Counsel or any other Settlement Class Member(s) as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the amount of the Settlement Fund; *provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing and exclusive jurisdiction over (a) the Settling Parties for purposes of administration, interpretation, implementation, and enforcement of the Settlement embodied in the Stipulation, including, without limitation, the releases provided for in the Stipulation; (b) the disposition of the Settlement Fund, including any award or distribution of the Settlement Fund, including interest earned thereon; (c) hearing and determining any award of attorneys' fees and reimbursement of Litigation Expenses and/or any award to pay the costs and expenses of Plaintiffs from the Settlement Fund; (d) any motion to approve the Plan of Allocation, including administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and an award to pay the costs and expenses of Plaintiffs from the Settlement Fund.  Such orders shall in no way affect or delay the finality of this Final Judgment and Order and shall not affect or delay the Effective Date of the Settlement.

16. The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, and/or settlement of this Action.

17. In the event that the Settlement is terminated or does not become effective in accordance with the terms of the Stipulation, or the Effective Date otherwise fails to occur, then this Final Judgment and Order shall be vacated, rendered null and void, and be of no further force

and effect, to the extent provided by and in accordance with the Stipulation, and this Final Judgment and Order shall be without prejudice to the rights of the Settling Parties and all Settlement Class Members, and the Settling Parties shall be deemed to have reverted to their respective status in this Action as of February 25, 2022, with all of their respective claims and defenses preserved as they existed on that date, as provided in the Stipulation.

18. Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Final Judgment and Order; and (b) do not materially limit the rights of Settlement Class members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. There is no reason to delay the entry of this Final Judgment and Order as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED

Date: 3/21/2023

s/Cathy Bissoon
THE HONORABLE CATHY BISSOON
UNITED STATES DISTRICT COURT JUDGE