# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| *In re U. S. Steel Consolidated Cases* | Civil Action No. 17-579<br><br>Judge Cathy Bissoon |

## ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO PLAINTIFFS

WHEREAS, this matter came before the Court on March 20, 2023 (the "Settlement Hearing"), on Lead Counsel's motion for an award of attorneys' fees, reimbursement of expenses, and incentive awards to Plaintiffs (the "Motion").  The Court, having considered all matters submitted to it prior to, during, and following the Settlement Hearing; and it appearing that the Claims Administrator posted a copy of the notice and claim form, substantially in the form approved by the Court (the "Notice" and the "Claim Form"), to a website dedicated to the administration of the settlement of this action; and that copies of the Notice and Claim Form providing notice of the hearing were mailed to at least 315,783 potential Settlement Class Members and nominees; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, expenses, and Plaintiffs' awards requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates and makes a part hereof: (i) the Stipulation and Agreement of Settlement (the "Stipulation"), dated May 20, 2022; and (ii) the Notice, which was filed with

the Court therewith.  Capitalized terms not defined in this Order shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Settlement Class Members.

3.      Settlement Class Members were notified that Lead Counsel would be applying for an award of attorneys' fees and expenses, and further, that such application also might include a request for an award to Lead Plaintiff Christakis Vrakas and plaintiff Leeann Reed, which payment would include, but would not be limited to, reimbursement of their reasonable costs and expenses related to their representation of the Settlement Class. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of expenses satisfied the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel's Motion is granted, and Plaintiffs' Counsel are hereby awarded from the Settlement Fund: (i) attorneys' fees in the amount of $13,333,333.33; and (ii) payment of litigation expenses in the amount of $2,711,338.12, which sums the Court finds to be fair and reasonable.

5.      In accordance with 15 U.S.C. § 78u-4(a)(4), the Court hereby awards incentive payments from the Settlement Fund to Lead Plaintiff Christakis Vrakas and plaintiff Leeann Reed, in connection with their representation of the Settlement Class, in the following amounts:

| | |
|---|---|
| Christakis Vrakas | $ 70,000 |
| Leeann Reed | $ 10,000 |

6.      The award of attorneys' fees and expenses, as well as the incentive awards to

2

Plaintiffs, including but not limited to Plaintiffs' costs and expenses, shall be immediately payable

from the Settlement Fund, subject to the terms, conditions, and obligations of the Stipulation.

   7.   In making the awards of attorneys' fees, litigation expenses, and reimbursement of

Plaintiffs' costs and expenses to be paid from the Settlement Fund, the Court has considered and

found that:

     a.   The Settlement constitutes a favorable result for the Settlement Class as it

       created a common fund of $40.0 million in cash from which numerous

       Settlement Class Members who submit acceptable Proofs of Claim will

       benefit;

     b.   The requested attorneys' fees and payment of litigation expenses have been

       reviewed and approved as fair and reasonable by Plaintiffs who have been

       directly involved in the prosecution and resolution of the Action and who

       have substantial interests in ensuring that any fees and expenses paid to

       counsel are duly earned and not excessive;

     c.   Notice was disseminated to putative Settlement Class Members stating that

       counsel would be submitting an application for attorneys' fees in an amount

       not to exceed one-third, or 33 and 1/3% of the Settlement Amount, and

       payment of expenses incurred in connection with the prosecution of this

       Action in an amount not to exceed $3,300,000, and that such application

       also might include an incentive payment, which payment includes but is not

       limited to reimbursement of Plaintiffs' reasonable costs and expenses

       directly related to their representation of the Class.  To date, the Court only

       has received one objection (Doc. 347) to that application for fees and

expenses, which the Court has overruled for the reasons stated on the record;

d.   Plaintiffs' Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

e.   The Action raised many complex factual and legal issues;

f.   Plaintiffs' Counsel assumed substantial risk by pursuing the Action on a contingent basis, having received no compensation during the Action, and expecting any fee award would be contingent on the result achieved;

g.   As set forth in the Motion, Plaintiffs' Counsel devoted over 23,690.37 hours to the prosecution of the Action;

h.   The fee awarded results in a negative lodestar multiplier of .81 which confirms the reasonableness of the requested fee;

i.   Public policy strongly favors rewarding firms for bringing successful securities class action litigation;

j.   The amounts to be paid from the Settlement Fund for attorneys' fees, expenses, and Plaintiffs' incentive payments are fair and reasonable and consistent with awards in similar cases.

8.   Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.   Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

10.   In the event that the Settlement is terminated or does not become Final or the

Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

SO ORDERED this ___21___ day of ___March___, 2023

BY THE COURT:

s/Cathy Bissoon
_____

Honorable Cathy Bissoon
UNITED STATES DISTRICT JUDGE